**Donald GEHM and Linda Gehm, Plaintiffs,**

v.

**NEW YORK LIFE INSURANCE COMPANY and O.I.G. Agencies, Inc. Defendants.**

No. CV 97–6820.

United States District Court, E.D. New York.

Feb. 11, 1998.

Michael A. Markowitz, Garden City, for Plaintiffs.

Mayer, Brown & Platt by Scott E. Mortman, New York, NY, for Defendant New York Life Insurance Company.

Joseph A. Milligan, Babylon, NY, for Defendant O.I.G. Agencies, Inc.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Presently before the Court is the motion of defendant New York Life Insurance Company, Inc. ("New York Life") to remand this action to state court and plaintiffs' cross-motion for a writ pursuant to the All Writs Act, 28 U.S.C. § 1651, to remove the action. Defendant O.I.G. Agencies, Inc. ("OIG") has not responded to either motion.

Plaintiffs commenced this action in state court on February 17, 1997, seeking relief from their employer, OIG and New York Life, in connection with the termination of their health insurance benefits coverage due to OIG's alleged failure to pay its health insurance premiums to New York Life. On October 10, 1997, New York Life filed and served its motion for summary judgment as to all plaintiffs' claims and the cross-claims

asserted by OIG. Among the grounds supporting dismissal, New York Life asserted that plaintiffs' claims were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* In response to the summary judgment motion, plaintiffs attempted to remove the action to this Court by filing a Notice of Removal on November 19, 1997. On December 18, 1997, New York Life timely moved to remand.

■ Plaintiffs' initial attempt at removal was ill-advised because only defendants, not plaintiffs, may remove a state court action to federal court. The statute setting forth the substantive basis for removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or defendants,* to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Similarly, the statute setting forth the procedure for removal states:

> A *defendant or defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendants in such action.

28 U.S.C. § 1446(a) (emphasis added).

Not only are the removal statutes clear and unambiguous, the case law interpreting them overwhelmingly supports the proposition that only a defendant may remove an action from state court. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 105, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (removal privilege limited to defendants only); *Ballard's Serv. Ctr., Inc. v. Transue,* 865 F.2d 447, 449 (1st Cir.1989) (statute "authorizes removal only by defendants .... Plaintiffs

cannot remove"); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("[q]uite simply, a party who is in the position of a plaintiff cannot remove" under the removal statute); *In re Estate of Duane*, 765 F.Supp. 1200, 1201 (S.D.N.Y.1991) (only defendant is entitled to remove); *Scott v. Communications Servs., Inc.*, 762 F.Supp. 147, 149–50 (S.D.Tex.1991) (removal statute contemplates use only by defendant), *aff'd*, 961 F.2d 1571 (5th Cir.1992); *Knight v. Hellenic Lines, Ltd.*, 543 F.Supp. 915, 918 (E.D.N.Y.1982) (only defendants have option to remove). In short, the Court agrees with Judge Kaplan who recently observed that "every case to consider the question [of removal] has held that defendants, and only defendants, may remove." *Geiger v. Arctco Enterprises, Inc.*, No. 95–8589, 1996 WL 71503, *1 (S.D.N.Y. Feb. 16, 1996).

▮ Plaintiffs do not attempt to argue that their initial attempt at removal was proper. Rather, they note that federal courts have exclusive jurisdiction over ERISA suits and, because their suit is fairly characterized as an ERISA suit, this Court has exclusive jurisdiction. Conversely, the state court would be forced to dismiss the action before it because of its corresponding lack of jurisdiction. Plaintiffs conclude that this Court should exercise its discretion under the All Writs Act, 28 U.S.C. § 1651 and order the case removed from state court in the interests of judicial economy and to protect the integrity of ERISA's preemption clause. Plaintiff's argument, though it has a common sense appeal, must be rejected because the Court lacks authority under the All Writs Act to remove this action.

▮ The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The scope of the All Writs Act, however, does not contemplate the disregard of clear statutory requirements, as set forth in the removal statutes:

> Where a statute specifically addresses a particular issue at hand, it is that authority and not the All Writs Act, that is control-

ling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). Given the straightforward directive of the removal statutes expressly governing this matter, use of the All Writs Act to effect removal is barred.

▮ Moreover, the Act's statutory language, "in aid of their respective jurisdictions," does not empower a district court to create jurisdiction where, as here, none exists. To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction. "[I]f jurisdiction over the subject matter of and the parties to litigation is properly acquired, the All Writs Act authorizes a federal court to protect that jurisdiction ...." *United States v. International Bhd. of Teamsters*, 907 F.2d 277, 281 (2d Cir.1990); *Application of the U.S. in Matter of Order Authorizing Use of a Pen Register*, 538 F.2d 956, 961 (2d Cir.1976) (after jurisdiction is properly vested in the federal court on some independent basis, All Writs Act empowers court to preserve its jurisdiction). A district court's authority under the All Writs Act to remove an otherwise unremovable state court case is limited to cases where removal is necessary to effectuate and prevent the frustration of orders the court has previously issued in its exercise of jurisdiction otherwise obtained. *In re Agent Orange Product Liability Litigation*, 996 F.2d 1425, 1431 (2d Cir.1993). Thus, the All Writs Act does not provide a basis for removing this action because this Court lacks jurisdiction over the parties and has not issued any orders in the exercise of a previously and properly acquired jurisdiction requiring protection from the state court suit.

As for plaintiffs' argument that removal should be ordered to "protect the integrity of the preemption clause in ERISA," Pltfs. Mem. at 11, it rests on a wholly speculative premise, namely, that the state court judge

will incorrectly find the matter before him not preempted by ERISA and will proceed to issue a judgment. The Court does not accept the premise and rejects the argument.

Plaintiffs offer three cases to support their contention that removal under the All Writs Act is proper: *Yonkers Racing, Agent Orange,* and *Neuman v. Goldberg,* 159 B.R. 681 (S.D.N.Y.1993). All are inapposite, however, because each of the district courts in the above cases acted to preserve and effectuate orders previously issued or actions pending before them. Thus, in *Yonkers Racing,* the district court removed an action where the state court plaintiffs were in a position to frustrate the implementation of a federal consent decree entered by the court. *Id.* at 864. Similarly, in *Agent Orange,* the district court acted to preserve a class action settlement agreement that it had approved. In *Neuman,* the court claimed removal authority under the All Writs Act over a state court action that "threaten[ed] to disrupt the orderly resolution of . . . consolidated multidistrict litigation before [the court]." 159 B.R. at 685–86. Such a factual situation is not presented here.

█ Pursuant to 28 U.S.C. § 1447(c) and Rule 11, New York Life also seeks attorneys' fees in the amount of $3,598.75, incurred as a result of responding to plaintiffs' removal. On the facts here, the Court finds that plaintiffs' attempt at removal, though poorly conceived, was in part based on their assumption that ERISA's preemptive force, as well as the exclusive jurisdiction vested in federal court by the statute, formed a colorable argument for removal despite the clear procedural bar of the removal statutes. Under the circumstances, an award of fees is not warranted.

### CONCLUSION

New York Life's motion to remand is granted and plaintiff's cross-motion for an order of removal pursuant to the All Writs Act is denied. Defendant's request for attorney's fees is denied. The Clerk of the Court is directed to remand this action to the Supreme Court of the State of New York, Suffolk County.

SO ORDERED.